UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| REBELS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LYNETTE CHANG, a/k/a Lynette McQuade;<br>THOMAS WIEST,<br><br>Defendants. | 1:24-CV-01024-ECS<br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND ADD A PARTY |

On January 8, 2026, this Court granted Defendant Thomas Wiest's motion for judgment on the pleadings and allowed Plaintiff thirty days to amend its complaint "to assert viable claims." See generally Rebels, LLC v. Chang, No. 1:24-CV-01024-ECS, 2026 WL 63419, at *5 (D.S.D. Jan. 8, 2026). Plaintiff now moves the Court to file a Second Amended Complaint, substituting the previous counts with three new causes of action, and adding Laura von Roenn, as Trustee of the Karen Ann Chang Family Trust (the "Trust"), as a party. Docs. 32, 32-1. Current Defendants resist the motion as it pertains to them. Docs. 39, 40.

Before trial, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A decision whether to allow a party to amend [its] complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Bell v.

Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Id. (citing Bell, 160 F.3d at 454).

Plaintiff filed its motion to amend within the time allotted by the Court, and the Court finds that the motion was made in good faith. The Court does not consider the request to file a second amended complaint so egregiously repetitive that it per se mandates denial. "The burden of proof of prejudice is on the party opposing the amendment." Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (quoting Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir. 1987)). Neither Lynette Chang (Chang) nor Wiest argue undue prejudice, only futility. See generally Docs. 39, 40.

"The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." Holloway v. Dobbs, 715 F.2d 390, 392–93 (8th Cir. 1983) (per curiam) (citation modified). "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." Mt. Hawley Ins. Co. v. City of Richmond Heights, 92 F.4th 763, 769 (8th Cir. 2024) (quoting Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018)). "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Dobles v. Black Hills Corp., 768 F. Supp. 3d 991, 996 (D.S.D. 2025) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint "need not contain detailed factual allegations," but "it must contain 'enough facts to state a claim to relief that is plausible on its face.'" Ranchers-Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA, No. 5:24-CV-05085-ECS, 2025 WL 2783499, at *8 (D.S.D. Sept. 30, 2025) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  The Court "must accept the plaintiff's factual allegations as true and make inferences in the plaintiff's favor but need not accept the plaintiff's legal conclusions."  Dobles, 768 F. Supp. 3d at 996 (citing Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012)).

The factual background in the proposed Second Amended Complaint remains unchanged from Rebels' First Amended Complaint, recited in this Court's Order Granting Motion for Judgment on the Pleadings.  Compare Doc. 32-1 at 2–6 with Doc. 17 at 1–5; see Rebels, 2026 WL 63419, at *1–3.  The Court need not repeat it here.  Rather, the Court incorporates the facts recited in its previous opinion by reference.  In accordance with the standard of review for a futility analysis, the Court accepts the facts as true and views them in the light most favorable to Plaintiff.

## I.    Proposed Count I – Breach of Contract (money damages)[1]

Plaintiff clarifies in its reply brief that Count I of the proposed Second Amended Complaint, "Breach of Contract," is alleged only against the proposed new party, Laura von Roenn, as trustee of the Karen Ann Chang Family Trust.  Doc. 41 at 2.  Plaintiff alleges that the

---

[1] Plaintiff pleads a count of breach of contract and a count of specific performance.  Doc. 32-1 at 7–8.  The Court reads both as breach of contract claims, one seeking money damages, the other seeking the equitable remedy of specific performance.

property sale agreement signed by Chang was enforceable because Chang and Wiest were acting as von Roenn's agents "with actual or ostensible authority in dealing with Plaintiff and its attorney." Doc. 32-1 ¶¶ 50–52. Plaintiff alleges von Roenn breached the agreement with Plaintiff "by refusing to convey the property as [she] agreed and then demanding more money." Id. ¶ 53. Plaintiff asserts that as a result, "the Plaintiff has suffered damages." Id. ¶ 54.

In South Dakota, "[t]he elements of breach of contract are 1. An enforceable promise; 2. A breach of the promise; 3. Resulting damages." Weitzel v. Sioux Valley Heart Partners, 714 N.W.2d 884, 894 (S.D. 2006) (citations omitted).

The Court holds that Plaintiff has plausibly pleaded both an enforceable promise and its breach. "A contract is formed when all essential elements are met: (1) the parties are capable of contracting; (2) they consent to the subject of the contract; (3) the object of the contract is lawful; and (4) there was sufficient cause or consideration." Mueller v. Cedar Shore Resort, Inc., 643 N.W.2d 56, 70 (S.D. 2002); see SDCL § 53-1-2. During negotiations, Chang averred that she was "authorized to sign for the final accepted offer" even though von Roenn would later "sign the final official papers." Doc. 32-1 ¶ 27. "Authority to enter into a contract on behalf of the principal can be created by express authorization from the principal or by the acquiescence of the principal in the actions of the agent." Melstad v. Kovac, 723 N.W.2d 699, 704 (S.D. 2006). The Court finds the text sent by Wiest to von Roenn instructing her to not yet sign the purchase agreement sufficient support for the proposition that he and Chang were acting as von Roenn's agents. See Doc. 32-1 ¶ 32. The text allows the Court to infer von Roenn's acquiescence in Chang and Wiest's actions such that when Rebels signed the offer sent by Chang, an enforceable promise was created. Rebels plausibly pleads a breach of that promise when the Trust later refused to perform.

Damages for the breach of an agreement to convey real property are defined by statute:

> The detriment caused by the breach of an agreement to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid, and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land.

SDCL § 21-2-3; see also Stugelmayer v. Ulmer, 260 N.W.2d 236, 240 (S.D. 1977). Applying the facts alleged in Plaintiff's proposed Second Amended Complaint to this law, the Court holds that Rebels plausibly states a claim for relief. The motion to amend as to proposed Count I is granted.

## II.     Proposed Count II – Unjust Enrichment

For proposed Count II, Rebels brings a claim of unjust enrichment against all current and proposed Defendants. Doc. 32-1 at 8. Rebels alleges "Defendants engaged in profitable wrongdoing by lying to Plaintiff to artificially drive the sale price for the Property higher than the $3.6 million that Defendants represented they would accept to sell the Property." Id. ¶ 56. It states, "[a]s the proximate result of Defendants' conduct, Defendants have been unjustly enriched through their receipt of a wrongfully inflated price on the Property at the expense of plaintiff." Id. ¶ 57. It states, "[u]nder the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from misleading Plaintiff to its detriment," and asks the Court to order Defendants "to disgorge the ill-gotten benefits that they received." Id. ¶¶ 58–59.

In South Dakota, "to establish unjust enrichment, three elements must be proven: (1) a benefit was received; (2) the recipient was cognizant of that benefit; and (3) the retention of the benefit without reimbursement would unjustly enrich the recipient." Mack v. Mack, 613 N.W.2d 64, 69 (S.D. 2000).

Chang and Wiest argue that because the Trust owned the property, it was only the Trust that could have received any benefit. Doc. 39 at 6–7; Doc. 40 at 4–5. And so, they argue, an unjust enrichment cannot lie against them individually. That is a narrow view of what it means to receive a benefit. Chang, who is Wiest's spouse, wrote that Wiest was allowed to negotiate the sale of the property "on behalf of us four." Doc. 32-1 ¶ 27. From that, the Court can infer that Chang and Wiest stood to benefit from the negotiations as trust beneficiary and spouse respectively. At the pleadings stage, it is reasonable for the Court to infer as alternatives that the proceeds from the sale remain in the Trust's corpus, or were distributed to the beneficiaries including Chang, or from Chang to her husband. If law exists in South Dakota prohibiting an unjust enrichment claim from lying against an indirect beneficiary, neither Chang nor Wiest apprise the Court of such law. Nor do they cite any persuasive support for the argument. Chang asks the Court to assume facts not in the record. Doc. 39 at 7 ("As Seller, the net proceeds, regardless of whether the sale was for $3,600,000.00 or $3,800,000.00, would be paid to the Trustee and thereafter, presumably, used by the Trust for administration purposes including the payment of any federal income tax. Any remaining money would be held in Trust for the beneficiaries."). But at this stage, it is Rebels that receives all reasonable inferences.

But the Court may also consider the futility of an amendment on its own. See, e.g., Geier v. Mo. Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013). In doing so, the Court recognizes that "a claim of unjust enrichment contemplates an involuntary or nonconsensual transfer, unjustly enriching one party." Paweltzki v. Paweltzki, 964 N.W.2d 756, 769 (S.D. 2021) (citation modified). The transfer here, the benefit Rebels espouses Defendants received, was the agreed-upon consideration under the (allegedly second) purchase contract. Doc. 32-1 at 8; Doc. 33 at 5–7. That exchange was voluntary, reflecting "Rebels' unflinching desire to purchase the Property

in the face of Defendants' alleged trickery." Rebels, LLC, 2026 WL 63419, at *4. Rebels did not confer a benefit in the absence of contract, but in performance of one. And so, the remedy for any injury arising from that contract would be found at law, not in equity. Johnson v. Larson, 779 N.W.2d 412, 416 (S.D. 2010). Rebels does not bring nor imply a breach of contract claim as it relates to the (allegedly second) purchase contract.

The motion to amend as to proposed Count II is denied for reason of futility.

## III.    Proposed Count III – Breach of Contract (specific performance)

Plaintiff clarifies in its reply brief that Count III of the proposed Second Amended Complaint, "Specific Performance," is alleged only against the proposed new party, Laura von Roenn, as Trustee of the Karen Ann Chang Family Trust. Doc. 41 at 7. "Specific performance is the presumed remedy for the breach of an agreement to transfer real property." Jacobson v. Gulbransen, 623 N.W.2d 84, 91 (S.D. 2001) (citation modified). "In order for [Plaintiff] to be entitled to the remedy of specific performance on [its] breach of contract claim, [it] must show proof of an enforceable promise, and its breach." In re Est. of Smeenk, 978 N.W.2d 383, 393 (S.D. 2022) (citation modified).

As stated for Count I, the Court holds that Plaintiff has plausibly pleaded both an enforceable promise and its breach. The motion to amend as to proposed Count III is granted.

## IV.    Order

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint and Add a Party, Doc. 32, is granted in part and denied in part in accordance with this opinion and order. Within 7 days, Plaintiff may bring the claims authorized by this opinion in a Second Amended Complaint. Defendants Chang and Wiest are dismissed from this action. It is further

7

ORDERED that Wiest's request for attorney's fees, Doc. 40 at 6, is denied. SDCL § 15-17-51 requires courts to award attorney's fees if the relief sought is either "frivolous or brought for malicious purposes." The Court finds neither condition met here. See Johnson v. Miller, 818 N.W.2d 804, 809–10 (S.D. 2012); see also id. at 810–13 (Kokenkamp, J., concurring specially).

DATED this 30th day of June, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

8